

---

Jerry Byron Blackstock, William M. Ragland, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, GA, Harvey B. Jacobson, Jr., D. Douglas Price, Jacobson, Price, Holman & Stern, Washington, DC, for plaintiff.

Julius R. Lunsford, Jr., Atlanta, GA, Robert D. Katz, Cooper & Dunham, New York City, for defendants.

## FARMACEUTISK LABORATORIUM FERRING A/S, Plaintiff,

v.

## REID ROWELL, INC., and Solvay Pharmaceuticals, Inc., Defendants.

### Civ. A. No. 1:89–CV–1972–JOF.

United States District Court, N.D. Georgia, Atlanta Division.

March 31, 1994.

*ORDER*

FORRESTER, District Judge.

This matter is before the court on Defendant Solvay Pharmaceuticals, Inc.'s objections to Special Master J.D. Fleming, Jr., Esq.'s Report on Solvay's motion to compel production of documents in this patent case. This court appointed the Special Master to handle this motion because *in camera* review of a large number of documents was required.

**1274**

Solvay objects to the Special Master's finding that Mr. Christiansen, although a third party, was an agent of Ferring for purposes of conversations with Ferring's American counsel, Fleit, Jacobson, and that where such conversations were for the purposes of seeking legal advice, they are protected. The Special Master has brought a very recent case to the Court's attention which supports his finding. *In re Bieter Co.*, 16 F.3d 929 (8th Cir.). This case confirms the Special Master's finding. 16 F.3d at 936–937 (independent consultant so meaningfully associated with the corporation that appropriate to consider them "insiders" for purposes of privilege).

Assuming the correctness of this legal conclusion, however, Solvay also objects to application of the privilege to thirty documents. Some documents it contends involved communications between Mr. Christiansen and employees of Ferring not for the purpose of seeking legal advice or for prosecuting the patent or to investigate infringements or involve communications with other third parties, Drs. Rasmussen and Hvidberg.

Having reviewed the referenced documents, this court cannot find the Special Master's findings "clearly erroneous." Fed. R.Civ.P. 53(e)(2). This court, therefore, ADOPTS the Special Master's Report as the OPINION and ORDER of the court [152–1]. Defendant Solvay's motion to compel [108–1], therefore, is GRANTED in part and DENIED in part.

SO ORDERED.